EJECTMENT for a tract of land called Buckland, and several other tracts lying in Talbot County.
At the trial of the cause the defendant offered evidence that Judith Stanley being seised of the lands in question, whilst sole, on the 6th of August, 1696, made her deed to Robert Grundy, whereby in consideration of a marriage to be shortly had and solemnized, she gave and granted to Robert Grundy the said land, which deed does not appear to be acknowledged or recorded. That after the execution of the said deed, they intermarried, and afterwards on the 2d February, 1702, they joined in a deed of conveyance to Robert Ungle. The acknowledgment of which deed is *79 in the words following, viz. “ Memorandum. That up- “ on the23dday of February, Anno Dom. 1702, before us “ the subscribers, two of his Majesty’s Justices of the Peace “ for Talbot County, came the within written Robert Grundy te and Judith his wife, which said Judith being by us first “ examined as the law requires, they both acknowledged the “ within written deed, and the premises therein contained, a unto the within written Robert Ungle, his heirs and a assigns forever, as that which he hath of the gift of the u said Robert and Judith his wife,” &c.
That Robert Ungle reconveyed to Robert Grundy. That Judith afterwards died, leaving issue three daughters, the lessors of the plaintiff.
Robert Grundy afterwards on the 20th of October, 1720, devised to James Lloyd, under whom the defendant claims.
Whereupon the defendant, by her counsel, prayed that the Justices would direct and declare to the Jury, that the evidence aforesaid was sufficient to maintain the issue on the part of the defendant.
But the Justices directed the Jury that the first mentioned deed, dated the 6th of August, 1696, was not valid and sufficient in law, or executed according to the act of Assembly made the 9 th of June, 1692, entitled “ An act for the en-a rolment of conveyances, and securing the estates of pur- “ chasersand also informed the Jury that it was their opinion that the acknowledgment of the aforesaid deed, dated the 2d of February, 1702, wastaken according to the intent of the act of Assembly made the 22d of July, 1699, entitled “ An act for enrolment of conveyances, and securing “ the estate of purchasers,” and that the same deed and acknowledgment thereof were good, and made and enrolled according to the act of Assembly; and the said Justices did not direct the Jury that such evidence was conclusive in law, on the behalf of the defendant; but left the matter at large to the consideration of the Jury
*80 Thereupon the defendant excepted and appealed to the Court of Appeals.
See Lib. R. B. No. 1. folio 337.
This judgment was reversed in the Court of Appeals át July Term, 1730.(a)

 See ante, the case of Robins’s Lessee v. Bush, reported April Term, 1723, p. 50.
Several decisions declaring the acknowledgments of femes coverts to be defective, for not having pursued strictly the act of Assembly, have taken place since the revolution in the General Court, and have been affirmed in the Court of Appeals, in consequence of which decisions the Legislature, at November Session, 1807, passed an act curing the defec-. tive acknowledgments of femes coverts.